UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re
SHELDRAKE LOFTS LLC,

                Debtor,                      14-cv-4274 (NSR)
-----------------------------------------------------------------X
SHELDRAKE LOFTS LLC,

                Plaintiff,

    -against-

                                                     OPINION AND ORDER

REMEDIATION CAPITAL FUNDING, LLC, RD
MANAGEMENT, LLC, L&M DEVELOPMENT
GROUP, LLC, ERIK EKSTEIN, JAY FURMAN,
RON MOELIS, COZEN O'CONNOR, P.C.,
KENNETH ROBERTS, ESQ., TANNENBAUM,
HELPERN, SYRACUSE & HIRSCHTRITT LLP,
DAVID PELLEGRINO, ESQ., CHRISTIE
DERRICO, ESQ., THE VILLAGE OF
MAMARONECK AND "JOHN DOES 1-10"

                Defendants.
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Sheldrake Lofts, LLC, ("Plaintiff," or "Sheldrake") filed a Petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 et seq., on August 10, 2010.

        On December 14, 2010, Plaintiff commenced an adversary proceeding in the Bankruptcy Court against Remediation Capital Funding, LLC ("RCF"); RD Management, LLC ("RD Mgmt."); L&M Development Group, LLC ("L&M"); Erik Ekstein; Jay Furman; Ron Moelis; Cozen O'Connor, P.C. ("Cozen"); Kenneth Roberts, Esq.; Tannenbaum, Helpern, Syracus &

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2014

1

Hirschtritt LLP; David Pellegrino, Esq.; Christie Derrico, Esq.; the Village of Mamaroneck; and unnamed John Does 1-10.

Defendants Cozen O'Connor, P.C., and Kenneth Roberts ("Defendants" or "Cozen Defendants") now move pursuant to 28 U.S.C. § 157(d) for withdrawal of the reference of this action to the Bankruptcy Court. Defendants filed the present motion to withdraw the reference to the Bankruptcy Court on June 13, 2014. For the reasons that follow, Defendants' motion is DENIED.

## I. BACKGROUND[1]

On August 10, 2010, Sheldrake filed a Chapter 11 petition for reorganization. Sheldrake commenced an adversary proceeding against the Cozen Defendants and others[2] on December 14, 2010, and filed its Second Amended Complaint on May 25, 2012, which the Cozen Defendants answered on June 18, 2012. In its Complaint, Sheldrake alleges the Cozen Defendants committed fraud, breached their fiduciary duties, and violated New York Judiciary Law § 487. In addition, Sheldrake alleged that Defendant Roberts's wrongdoing caused RCF to notice the foreclosure sale that caused Plaintiff to file its Chapter 11 bankruptcy petition. Plaintiff seeks damages for fees and expenses related to the bankruptcy filing.

The Bankruptcy Court has approved settlement agreements between Sheldrake and the various other Defendants in this adversary proceeding. The Cozen Defendants filed a motion for summary judgment; a hearing on the motion took place on May 14, 2014, in the Bankruptcy Court and the motion was denied from the bench. The case is now set for trial in the Bankrtupcy

---

[1] The following background facts and procedural history are taken from the parties' submissions on this motion and do not appear to be in dispute.

[2] All of the other defendants named in the adversary proceeding have entered into settlement agreements with Sheldrake, and these agreements have been approved by the Bankruptcy Court. The Cozen Defendants are the only remaining defendants in this proceeding.

Court and Defendants filed the instant motion seeking to withdraw the reference to the Bankruptcy Court.

## II.  LEGAL STANDARD

In relevant part, 28 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." While the statute does not define the term "cause," courts in the Second Circuit have generally focused on factors such as judicial economy, uniformity in the administration of bankruptcy law, reduction of forum shopping, and jury trial considerations. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). The framework established by the Court of Appeals for the Second Circuit begins with the threshold question of whether the case involves a core or non-core proceeding, "since it is upon this issue that questions of efficiency and uniformity will turn." *Id.* at 1101. Once the District Court "makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.; see also Schneider v. Riddick (In re Formica Corp.)*, 305 B.R. 147, 149–50 (S.D.N.Y. 2004). "Whether a dispute is legal or equitable in nature and consequently whether the litigants are afforded the right to a jury trial is another consideration in determining whether the reference should be withdrawn." *McHale v. Citibank, N.A.*, No. 09 Civ. 6064, 2009 WL 2599749, at *4 (S.D.N.Y. Aug. 24, 2009). In cases where withdrawal is not mandatory, "[t]he moving party bears the burden of demonstrating that permissive withdrawal of the reference is warranted." *Lehman Brothers Holdings Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.)*, No. 14 Civ. 293, ––– F. Supp. 2d ––––, 2014 WL 1877937, at *6 (S.D.N.Y. May 10, 2014); see also *Nisselson v.*

*Salim (In re Big Apple Volkswagen, LLC)*, No. 12 Civ. 92, 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013).

In 2011, the Supreme Court held in *Stern v. Marshall* that a Bankruptcy Court could not enter final judgment on some claims otherwise characterized as core by § 157(d). *Stern v. Marshall*, ––– U.S. ––––, 131 S.Ct. 2594, 2611–18, 2620 (2011). "Under *Stern*, it is not the core/non-core distinction but Article III that determines the bankruptcy court's adjudicative authority." *In re Lyondell Chemical Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012). This case involves a non-core proceeding, however, and thus the Court need not decide the effect of the Supreme Court's decision in *Stern* on the application of the *Orion* factors in this case. *See In re Lehman Bros. Holdings Inc.*, 2014 WL 1877937, at *6 (stating Court need not decide effect of *Stern* on *Orion* factors because proceeding was non-core and no dispute existed that Bankruptcy Court lacked authority to enter final judgment).

A determination that the Bankruptcy Court does not have final adjudicative authority over a claim does not mean that the reference must be withdrawn. The Bankruptcy Court "may hear a proceeding that is not a core proceeding but that it otherwise related to a case under title 11," and "submit proposed findings of fact and conclusions of law to the district court." 11 U.S.C. § 157(c)(1); *see also Executive Benefits Ins. Agency v. Arkison*, ––– U.S. ––––, 134 S. Ct. 2165, 2172 (2014). "The district court must then review these proposed findings and conclusions *de novo* and enter any final orders or judgments." *Id.* at 2172; *see also* 11 U.S.C. § 157(c)(1). In addition, the Supreme Court clarified in *Arkison* that *Stern* claims—those proceedings classified by § 157(b)(2) as core, but over which the Bankruptcy Court lacks final adjudicative authority— may also proceed in the same manner. *Arkison*, 134 S. Ct. at 2173 ("[Section] 157(c) may be applied naturally to *Stern* claims.").

4

**III.    ANALYSIS**

This Court has considered the *Orion* factors and finds that they weigh against withdrawal of the reference to the Bankruptcy Court, given the complexity of the bankruptcy, the litigation that has already occurred in the Bankruptcy Court, the Bankruptcy Court's ongoing experience, and other considerations.

The claims asserted in this adversary proceeding are non-core claims, and thus the Court looks to the other *Orion* factors in order to determine whether withdrawal of the reference is warranted. Some of the factors can be easily and quickly addressed. First, the claim is legal in nature, which can weigh in favor of withdrawal as it often implicates the right to a jury trial. Second, there is no evidence before the Court that Defendants have filed the instant motion as a means of forum shopping. Third, it is unclear that withdrawal would result in concerns about the uniformity of bankruptcy administration.

Another important factor in the analysis is whether a jury trial must be held. Here Defendants have waived a jury trial, a factor which would have weighed in favor of withdrawal of the reference had they demanded one. *See In re Orion Pictures Corp.*, 4 F.3d at 1101 ("[T]he constitution prohibits bankruptcy courts from holding jury trials in non-core matters."). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); *see also Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) ("Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint."); *Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200, 2006 WL 1876677, at *2 (S.D.N.Y. July 7, 2006) ("The failure to request a jury trial constitutes waiver of the right to trial by jury."). "On any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14

days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "The 'last pleading' is the pleading that contests an issue, generally an answer to a complaint or a reply to a counterclaim." *Mt. Hawley Ins. Co. v. Van Cortlandt Village LLC*, No. 08 Civ. 10414, 2010 WL 2290813, at *2 (S.D.N.Y. June 1, 2010); *see also McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990). The Cozen Defendants filed an Answer to Sheldrake's Second Amended Complaint without a jury demand in June 2012, and their deadline to file a demand under Rule 38 has thus long passed.

    Judicial economy also weighs against withdrawing the reference in this case. While this Court must be the one to enter final judgment and thus must ultimately conduct a *de novo* review, the Bankruptcy Court's experience and its familiarity with the complexities of this case will be a valuable resource to this Court in making an ultimate determination on the matter. The Bankruptcy Court has administered this bankruptcy case since 2010, and this adversary proceeding for nearly four years. "It is more efficient to allow the Bankruptcy Court to provide recommendations on findings of facts and conclusions of law than for this Court to begin anew." *In re Madison Bentley Associates, LLC*, 474 B.R. 430, 440 (S.D.N.Y. 2012); *see also Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings Inc.),* 480 B.R. 179, 196 (S.D.N.Y. 2012) ("[G]iven the bankruptcy court's involvement thus far in the litigation, the Court finds that judicial economy weighs against withdrawing the reference at this time." (collecting cases)). The Bankruptcy Court is also better suited to analyze such issues as the effects of the parties' actions on the costs and proceedings involved in Sheldrake's bankruptcy case. "[T]he bankruptcy court's issuance of proposed findings of fact and conclusions of law may promote judicial economy and aid the district court, particularly where the bankruptcy court is familiar with the underlying bankruptcy case, the adversary proceeding,

and/or the substantive bankruptcy law applicable to the proceeding." *In re Soundview Elite Ltd.*, Nos. 13-13098, 14 Civ. 3179, 2014 WL 2998529, at *2 (S.D.N.Y. July 3, 2014). Even if the Bankruptcy Court is precluded from entering final judgment on the claims, "the bankruptcy court's proposed findings of fact and conclusions of law will narrow the issues to be resolved by this Court." *In re Extended Stay, Inc.*, 466 B.R. 188, 207 (S.D.N.Y. 2011).

Defendants argue that witness credibility concerns are enough to merit withdrawal of the reference. It is not clear at this point, however, that the outcome of the case will hinge solely or even materially on witness credibility determinations that cannot be made from the record. If there are objections to the Bankruptcy Court's recommendations that hinge on witness credibility, then this Court can assess at that time whether live testimony of any individual witness is necessary and exercise its discretion to hear such testimony if so. *See U.S. v. Raddatz*, 447 U.S. 667, 680-81 (1980) (holding due process rights adequately protected where district court could modify or reject magistrate's proposed findings and exercise discretion to view witness itself, and permitting district court judge to make *de novo* determination of contested credibility assessments without hearing live testimony did not violate due process). This is not outside the usual process, as district courts conduct a similar *de novo* determination of recommendations from magistrate judges. *See In re Lion Capital Group*, 63 B.R. 199, 206-07 (S.D.N.Y. 1985) ("Section 157(c)(1) contemplates that the district court will have the benefit of the bankruptcy judge's findings of fact and conclusions of law, even with respect to those matters to be reviewed *de novo.* The system is analogous to the procedures with the United States magistrates."). The prospect that the Court could possibly exercise such discretion does not outweigh the value of the Bankruptcy Court's assistance in this case. Judicial economy will still

be best served in this case by allowing the Bankruptcy Court to retain the reference, conduct the trial, and propose findings of fact and conclusions of law for this Court to review.

Finally, "maintaining the reference to Bankruptcy Court is in line with the Supreme Court's intent in *Stern* to not 'meaningfully change[] the division of labor in the current statute." *Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11 Civ. 6847, 2012 WL 264180, at *8 (quoting *Stern*, 131 S.Ct. 2594, 2620 (2011)). The Supreme Court reaffirmed this intent in *Arkison*. 134 S. Ct. 2165, 2172 (2014).

For these reasons, the motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to withdraw the reference to the Bankruptcy Court is DENIED. The Clerk is directed to terminate the motion at Docket No. 1 and close this case.

SO ORDERED.

Dated: November 14, 2014  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge